# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK A. JONES,

              Plaintiff,

v.

C.O. LAPLANT, J. JOHNSON, and TI RETZLAFF,

              Defendants.

Case No. 24-CV-1038-JPS

**ORDER**

      Plaintiff Mark A. Jones, an inmate confined at Green Bay Correctional Institution ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

      On August 27, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $7.34. ECF No. 7. Plaintiff paid that fee on October 30, 2024. The Court will grant Plaintiff's motion for leave to proceed without

prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

**2.      SCREENING THE COMPLAINT**

**2.1     Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings this case against Defendants C.O. LaPlant ("LaPlant"), J. Johnson ("Johnson"), and Ti Retzlaff ("Retzlaff"). ECF No. 1 at 1. On November 21, 2023, at approximately 3:00 p.m., LaPlant was conducting an ICE pass on the north cell hall. B-tier *Id.* at 2. Plaintiff told another inmate to tell staff that he was suicidal in D-53. *Id.* After being told this information, LaPlant said, "okay," and continued his ICE pass. *Id.* At approximately 3:30 p.m., LaPlant was conducting his rounds on D-tier. *Id.* at 2, 4. Once LaPlant arrived at Plaintiff's cell, Plaintiff told LaPlant that he was suicidal. *Id.* LaPlant told Plaintiff that he would not kill himself. *Id.* at 4.

Plaintiff then started to slice his left forearm three times. *Id.* At 4:10 p.m., LaPlant walked by again and Plaintiff told him that he had cut himself and showed him the blood. *Id.* LaPlant then radioed Johnson to come to D-tier. *Id.* Plaintiff showed Johnson his cuts and Johnson told Plaintiff that he would be taken to a holding cell once count had cleared. *Id.* Once Plaintiff was in the holding cell, Retzlaff came to talk to Plaintiff and told him that his cuts were not real cuts. *Id.* Retzlaff then sent Plaintiff back to his cell.

Plaintiff was not offered medical attention until health services responded to his medical request. *Id.* at 4–5. Health services told Plaintiff his cuts did not look infected and Plaintiff asked for antibiotics to avoid infection. *Id.* at 5. Plaintiff notes that Defendants denied that he has cuts on

his arm prior to being removed from the cell. *Id.* Plaintiff avers that hypothetically Retzlaff would be responsible for his self-harm if that was true. *Id.*

### 2.3 Analysis

The Court finds that Plaintiff may proceed on an Eighth Amendment deliberate-indifference claim against Defendant LaPlant for his indifference to the risk of Plaintiff's self-harm. The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403, at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). While a prison official's deliberate indifference to a prisoner's substantial risk of serious harm violates the Eighth Amendment, not every claim by a prisoner that he did not receive adequate care will succeed. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To prevail on such a claim, a plaintiff will have to provide evidence showing that "(1) his medical need was objectively serious, and (2) the defendant[] consciously disregarded this need." *Berry v. Lutsey*, 780 F. App'x 365, 368–69 (7th Cir. 2019) (citing *Farmer*, 511 U.S. at 834).

Prison staff have a duty to prevent inmates from causing serious harm to themselves. *Pittman ex rel. Hamilton v. County of Madison*, 746 F.3d 766, 775–76 (7th Cir. 2014). Before an official will be liable for ignoring a risk of self-harm, however, the "risk of future harm must be sure or very likely to give rise to sufficiently imminent dangers." *Davis-Clair v. Turck*, 714 F. App'x 605, 606 (7th Cir. 2018) (internal quotation marks omitted). The question of when that risk of future harm becomes "sure or very likely to give rise to sufficiently imminent dangers" depends on the circumstances

of the case. *See, e.g., Freeman v. Berge*, 441 F.3d 543, 546–47 (7th Cir. 2006) (explaining that "at some point," to ensure a prisoner is not "seriously endangering his health," prison officials would have a duty and right to step in and force a prisoner on a hunger strike to take nourishment); *see also Davis v. Gee*, No. 14-cv-617, 2017 WL 2880869, at *3–4 (W.D. Wis. July 6, 2017) (holding that to show a constitutional injury, the harm must present an objectively, sufficiently serious risk of serious damage to future health; swallowing a handful of Tylenol fails to do that).

Here, Plaintiff alleges that LaPlant was aware that he wanted to kill himself and failed to appropriately act. Plaintiff further alleges that after LaPlant was aware of Plaintiff's condition, Plaintiff engaged in self-harm. At this early stage, the Court will allow Plaintiff to proceed on an Eighth Amendment claim against Defendant LaPlant for his deliberate indifference to Plaintiff's risk of self-harm. The Court will not, however, allow Plaintiff to proceed on this claim against Johnson or Retzlaff. Plaintiff's own allegations suggest that neither of these defendants were aware of his suicidal thoughts prior to the self-harm incident. The Court takes Plaintiff's allegations as true for the purposes of screening, and therefore does not find that he states a claim against Johnson or Retzlaff for deliberate indifference to his risk of self-harm.

Finally, the Court will not allow Plaintiff to proceed on an Eighth Amendment deliberate indifference claim for Defendants' indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a

Page 5 of 10
Case 2:24-cv-01038-JPS    Filed 11/06/24    Page 5 of 10    Document 13

subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

Plaintiff does not allege facts to show that he required emergency treatment for the cuts on his arm. Plaintiff alleges that he put in a medical request slip for treatment and received treatment for his non-infected injuries. As such, the Court does not find that Plaintiff states a claim against any defendant for deliberate indifference to his serious medical needs.

**3.     CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate-indifference claim against Defendant LaPlant for his indifference to the serious risk of Plaintiff's self-harm.

The Court will dismiss Defendants Johnson and Retzlaff for the failure to state a claim against them.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners.

Page 6 of 10
Case 2:24-cv-01038-JPS     Filed 11/06/24     Page 6 of 10     Document 13

These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendant should take note that, within forty-five (45) days of service of this Order, he is to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Johnson and Retzlaff be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant **LaPlant**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendant shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendant raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why he intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will

obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $342.66 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.