# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK A. JONES,

        Plaintiff,

v.

ALEXANDER LAPLANT,

        Defendant.

Case No. 24-CV-1038-JPS

**ORDER**

      Plaintiff Mark A. Jones ("Plaintiff"), an inmate confined in Green Bay Correctional Instittuiton ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Alexander LaPlant ("Defendant") violated his constitutional rights. ECF No. 1. On November 6, 2024, the Court screened Plaintiff's complaint and allowed it to proceed on the following claim: Eighth Amendment violation against Defendant for his deliberate indifference to the risk of Plaintiff's self-harm. ECF No. 13 at 6.

      Now pending before the Court is Defendant's motion for summary judgment. ECF No. 27. On August 21, 2025, the Court ordered Plaintiff to file a response on or before September 11, 2025 or to accept the consequences of having no brief in opposition. ECF No. 40. That deadline has since passed, and Plaintiff has filed no opposition or otherwise responded. As such, Defendant's motion for summary judgment is ready for disposition. For the reasons described below, the Court will grant Defendant's motion for summary judgment and this case will be dismissed with prejudice.

1.  **LEGAL STANDARD – SUMMARY JUDGMENT**

Under Federal Rule of Civil Procedure 56, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court construes all facts and reasonable inferences in a light most favorable to the nonmovant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). In assessing the parties' proposed facts, the Court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010).

2.  **FACTUAL BACKGROUND**

Plaintiff's allegations in this case involve Defendant's alleged deliberate indifference to the serious risk of Plaintiff's self-harm on November 21, 2023. ECF No. 13. In compliance with the Court's scheduling order, Defendant submitted a stipulated set of joint facts, ECF No. 38. As such, the Court takes the following facts from the statement of undisputed facts.

Plaintiff is currently and was all at times relevant to this case in the custody of GBCI. Defendant was employed at the Wisconsin Department of Corrections as a Correctional Officer at GBCI at all times relevant to this case.

On November 22, 2023, Plaintiff met with Angela Tayson of the Psychological Services Unit. Plaintiff relayed to Tayson that he had a "bad day" the previous day, November 21, 2023. He attributed his bad thoughts that day to him being unable to call his daughter at the time he normally did. Plaintiff reported a superficial cut on his left arm to Tayson. Tayson looked at Plaintiff's arm and notated that there was a "scratch mark" on it.

On November 26, 2023, Nurse Ellen Baker saw Plaintiff because he self-reported cutting his right forearm days ago and the possibility of an infection. Nurse Baker noted he had five small less than a centimeter healed scratches that had no signs or symptoms of an infection. Nurse Baker advised Plaintiff to keep the arm clean with soap and water and assured Plaintiff that the arm looked like it was healing well. Plaintiff asserts that Nurse Baker told him that the cuts were healing from the inside out.

3. ANALYSIS

Defendant brings a motion for summary judgment seeking dismissal of the Eighth Amendment claim for deliberate inference to the serious risk of Plaintiff's self-harm. ECF No. 27. Among other things, Defendant argues that Plaintiff's claim must fail because he fails to show an injury that is sufficient to maintain an Eighth Amendment claim. ECF No. 28 at 2.

The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403, at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). While a prison official's deliberate indifference to a prisoner's substantial risk of serious harm violates the Eighth Amendment, not every claim by a prisoner that he

did not receive adequate care will succeed. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To prevail on such a claim, a plaintiff will have to provide evidence showing that: "(1) his medical need was objectively serious, and (2) the defendant[] consciously disregarded this need." *Berry v. Lutsey*, 780 F. App'x 365, 368–69 (7th Cir. 2019) (citing *Farmer*, 511 U.S. at 834).

Prison staff have a duty to prevent inmates from causing serious harm to themselves. *Pittman ex rel. Hamilton v. County of Madison*, 746 F.3d 766, 775–76 (7th Cir. 2014). Before an official will be liable for ignoring a risk of self-harm, however, the "risk of future harm must be sure or very likely to give rise to sufficiently imminent dangers." *Davis-Clair v. Turck*, 714 F. App'x 605, 606 (7th Cir. 2018) (internal quotation marks omitted). The question of when that risk of future harm becomes "sure or very likely to give rise to sufficiently imminent dangers" depends on the circumstances of the case. *See, e.g., Freeman v. Berge*, 441 F.3d 543, 546–47 (7th Cir. 2006) (explaining that "at some point," to ensure a prisoner is not "seriously endangering his health," prison officials would have a duty and right to step in and force a prisoner on a hunger strike to take nourishment); *see also Davis v. Gee*, No. 14-cv-617, 2017 WL 2880869, at *3–4 (W.D. Wis. July 6, 2017) (holding that to show a constitutional injury, the harm must present an objectively, sufficiently serious risk of serious damage to future health; swallowing a handful of Tylenol fails to do that).

In addition, a plaintiff suing for damages under § 1983 must also develop "evidence of a recoverable injury." *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). This is because a plaintiff must "establish not only that a state actor violated his constitutional rights, but also that the violation

*caused* the plaintiff injury or damages." *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011). In *Lord,* the Seventh Circuit held that the deliberate indifference claim failed because the prisoner did not suffer an injury compensable under section 1983. 952 F.3d at 905. The plaintiff's wounds were limited to a few minor scratches on his forearm, which were "quickly and easily treated with a gauze bandage." *Id.* The plaintiff in that case also did not provide any evidence that he suffered another form of injury like psychological harm. *Id.* The court therefore concluded that because the plaintiff's injuries were "trivial—indeed almost nonexistent," he did not present a triable issue about whether he experienced a cognizable harm. *Id.*

More recently, in *Whitaker v. Dempsey*, 144 F.4th 908 (7th Cir. 2025), the Seventh Circuit reaffirmed its holding in *Lord.* In *Whitaker*, the district court's grant of summary judgment to the officer defendant was affirmed "because the [] incident did not result in [the plaintiff] suffering a cognizable injury." *Id.* at 925. Rather, the plaintiff had physical injuries that "consisted of at most a few mild scratches that were treated with a gauze bandage." *Id.* The Seventh Circuit noted that "[e]vidence of psychological harm can also support the damages element of § 1983"; however, the plaintiff had not presented any evidence of psychological harm. *Id.* The court thus concluded that it need not decide whether a jury could find the defendant officer's conduct rose to the level of deliberate indifference. *Id.*

Here, the undisputed evidence shows that Plaintiff reported a superficial cut on his left arm to medical staff on the day after the November 21, 2023 incident. The medical provider described Plaintiff's injury as a "scratch mark." A few days later, a nurse treated Plaintiff and noted that he had five small, healed scratches that showed no signs or symptoms of

Page 5 of 7

Case 2:24-cv-01038-JPS   Filed 11/12/25   Page 5 of 7   Document 42

infection. No evidence shows that Plaintiff's injury required any further treatment or that he suffered any psychological harm.

Based on these facts, the Court finds that no reasonable jury could conclude that Plaintiff suffered a cognizable injury necessary to proceed on an Eighth Amendment claim. In some cases, the parties will dispute the severity of a plaintiff's injuries. In this case, however, Plaintiff has not filed any opposition to dispute any of Defendant's facts. The factual record here is analogous to *Lord* and *Whitaker* where the plaintiffs' physical injuries were described as scratches and where there was no evidence of further treatment or accompanying psychological harm. As such, the Court finds that Plaintiff's self-harm incident in this case did not result in Plaintiff suffering a cognizable injury under the Eighth Amendment. The Court therefore need not decide whether a jury could find Defendant's conduct rose to the level of deliberate indifference. *Id.* at 925. Thus, the Court will accordingly grant Defendant's motion for summary judgment.[1]

## 4. CONCLUSION

Despite ample opportunity, Plaintiff failed to oppose Defendant's motion for summary judgment. For the reasons explained above, the Court grants Defendant's motion for summary judgment on the merits; no claims or defendants remain, and the Court will therefore dismiss this action with prejudice.

---

[1] Defendant also moved for summary judgment based on qualified immunity. ECF No. 28 at 6. Because the Court grants summary judgment on the merits, the Court need not reach the question of qualified immunity.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment, ECF No. 27, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.